UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony R. Cooper,                                            Case No. 3:25-cv-708

        Petitioner,

    v.                                                   MEMORANDUM OPINION
                                              AND ORDER

Lorain County Division of the O.D.R.C.,

        Respondent.

## I.      INTRODUCTION

*Pro se* Petitioner Anthony R. Cooper, who formerly was incarcerated at the Toledo Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1).

## II.      DISCUSSION

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under § 2254, district courts must examine habeas corpus petitions to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. *See also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the "duty to screen out" petitions that lack merit on their face).

Upon review, I conclude the petition must be dismissed because it is clear from the petition that Petitioner is not entitled to federal habeas corpus relief. A state prisoner may challenge the constitutionality of his state court conviction by seeking habeas corpus relief pursuant to § 2254.

*Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). But the petition does not challenge the lawfulness of Petitioner's detention pursuant to a state court judgment. Nor does Petitioner assert any specific legal ground or claim in his petition indicating that he is in custody in violation of the Constitution.

Instead, in his Petition, Petitioner indicates only that he seeks "money relief" and "to clear [his] criminal history" based upon allegations he made in a civil rights case he previously filed in federal court. (Doc. No. 1 at 16; Doc. No. 1-1*, Cooper v. Lorain Cnty. Div. of the O.D.R.C.*, No. 1: 24-cv-2093, slip op. (N.D. Ohio Mar. 14, 2025)). In his prior case, Petitioner complained of treatment he received in the Lorain Correctional Institution and sought "release from State custody, modification of his sentence, or expungement of all his convictions." (Doc. No. 1-1 at 4). The district court dismissed his civil rights action on various grounds pursuant to 28 U.S.C. § 1915(e), including on the ground that the only relief Petitioner sought was not available in a civil rights action.

Here, the only ground Petitioner sets forth in his petition is that he was "told" to file a writ of habeas corpus. (Doc. No. 1 at 6). This is insufficient to suggest a viable habeas corpus claim under § 2254.

Further, even if the petition set forth a viable claim, before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must fully exhaust the state-court remedies available to him. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas corpus review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987) (citation omitted).

Petitioner does not state any legal claim or claims for relief in his petition, and he does not demonstrate that he has properly and fully exhausted his state-court remedies as to such claims. Therefore, his petition must be dismissed.

### III. CONCLUSION

For the reasons set forth above, I dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. I further certify that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

So Ordered.

 s/ Jeffrey J. Helmick
United States District Judge